IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONNIE HARRIS, #294716, ) | Civil Action No.: 3:12-1188-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN, KERSHAW ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Petitioner's petition *with prejudice*.

**Factual Background and Procedural History**

Petitioner was convicted of first-degree criminal sexual conduct with a minor and lewd act upon a minor in 2003 in Greenville County. Exhausting his state post-conviction remedies, he filed a § 2254 petition with the Court in 2009. That petition was dismissed without an evidentiary hearing on October 21, 2009.

The § 2254 petition currently before the Court was filed on May 9, 2012.[2] In it, Petitioner alleges his daughter, who was also his victim, lied in her testimony at his trial. He requested

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review was conducted pursuant to 42 U.S.C. 1915(e)(2).
[2] There is no evidence Petitioner sought authorization from the Fourth Circuit to file his successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A).

"release from prison." Pet., ECF No. 1. The Magistrate Judge issued his R&R on May 21, 2012, R&R, ECF No. 8, and Petitioner filed timely objections, Pet'r's Objs., ECF No. 10.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommended dismissing Petitioner's petition before the issuance of service, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. Petitioner raises two objections: (1) that the state circuit court permitted his victim to lie on the stand at trial, violating his due process rights, and (2) that the Magistrate

Judge is "trying desperately to stop" his habeas action. Petitioner contends his allegations of lies are different from his objections to inadmissible hearsay introduced at trial, the issue raised in his initial § 2254 petition. However, Petitioner's allegations, despite his argument that they constituted newly discovered evidence, were ripe issues for his initial § 2254 petition. Without authorization to hear his successive petition, the Court finds no error in the Magistrate Judge's recommendation.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

June 7, 2012
Florence, SC